1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT
                    WESTERN DISTRICT OF WASHINGTON
9                             AT TACOMA

10

11   LEONARD L. SIMPSON  and NELLIE-        CASE NO.   C13-5188 RJB
     MAY SIMPSON, a married couple,
12                                          ORDER GRANTING PLAINTIFFS'
                         Plaintiffs,        MOTION FOR SUMMARY
13                                          JUDGMENT
              v.
14

15   LADY NELL, Official No. 941807, its
     Engines, Machinery, Appurtenances, etc.,
16   *In Rem*;
     And
17   WIN CHANG INC., a Washington
     corporation, *In Personam*
18
                         Defendants.
19

20         This matter comes before the Court on Plaintiffs' motion for summary judgment.  Dkt.

21   26.  Defendant Win Chang, Inc. has filed a response, albeit untimely, asserting that a grant of

22   summary judgment will unjustly enrich Plaintiffs.  Dkt. 30.  A default *in rem* has been entered

23   against the vessel Lady Nell.  Dkt. 25.  The Court has considered the pleadings in support of the

24   motion for summary judgment and the record herein.

1

2                        **INTRODUCTION AND BACKGROUND**

3          The facts are mostly uncontested.  On or about October 28, 2011, Win Chang Inc.,

4    executed and delivered a Promissory  Note in favor of Plaintiffs in the principal amount of two

5    hundred fifty thousand dollars ($250,000.00),  plus interest on the unpaid balance.  Dkt. 1, Dkt.

6    14, and Dkt. 19.  Win Chang Inc., as owner of the vessel Lady Nell, granted a Preferred Ship

7    Mortgage on the vessel to Plaintiffs to secure the obligation evidenced by the Note.  *Id.*

8    Plaintiffs are the owner and holder of the Note and Mortgage on the Lady Nell.  *Id.*  To secure

9    the payment of the Note, the Preferred Ship Mortgage conveys to Plaintiffs the whole of

10   the vessel Lady Nell, together with all the engines, boilers, machinery, masts, bowsprits, boats,

11   anchors, cables, rigging, tackle, apparel, furniture, electronics, and all other appurtenances

12   thereunto appertaining and belonging to it, and all additions, improvements and replacements

13   hereafter made in or to the vessel or any part of the appurtenances or equipment thereof, and the

14   rights described in the Mortgage.  *Id.*  Fishing rights, including, without limitation, Washington

15   State 500 Pot Dungeness Crab permit number 58181, Oregon State Salmon Troll permit number

16   60156, and Oregon State Crab permit number 96189, are included as part of the rights described

17   in the Mortgage, are appurtenances  to the vessel and are therefore covered by the Mortgage

18   upon which the Plaintiffs are foreclosing in this action.  *Id.*

19         Plaintiffs assert, and have introduced evidence, that Win Chang, Inc. defaulted in its

20   performance under the Note by its failure to make the required payment due on or before

21   September 30, 2012.  Per the terms of the Note, the obligation of the Note has borne interest at

22   the rate of 6% per annum, which totals $272,927.92 through March 11, 2013.  As of March 11,

23   2013, all unpaid principal of this note bears interest at the rate of 6% per annum, accruing at the

24

ORDER GRANTING PLAINTIFFS' MOTION FOR
SUMMARY JUDGMENT- 2

daily rate of $43.56.  Late fees under the Note are imposed once on each late payment at a rate equal to 10% of such past due amount, in addition to the amount owing on principal and interest; late fees now total $13,635.92.  Dkt. 27 pp. 1-2.  Plaintiffs have submitted evidence that they have incurred the following expenses in connection with the discharge of liens on the Lady Nell, the payment of vessel insurance, and recovery of the Lady Nell's appurtenances and equipment in the amount of $14,341.03 as follows:

| | |
|---|---|
| $ 4,166.51 | North Star Insurance Services. |
| $ 2,616.22 | Port of Grays Harbor |
| $ 1,606.43 | Fuel, equipment rental, charges, and meals for three trips to various locations to recover appurtenances and equipment. |
| $ 1,586.00 | Kim Marine Documentation, Inc. |
| $ 3,500.00 | Grady Harris lien |
| $ 400.00 | Englund Marine Batteries |
| $ 300.00 | Grady Harris to move Vessel to Westport |
| $ 63.87 | Englund Marine oil absorbent pads for bilge |
| $ 52.00 | Gas for trip from Forks to Westport and return |
| $ 40.00 | Battery Change |
| $ 10.00 | Battery Charger Rental |

Dkt. 27 p. 2-3.

Plaintiffs have incurred the following expenses in connection with the arrest of the vessel in the amount of $5,320.90.

| | |
|---|---|
| $ 3,360.00 | Subst. Custodian (arrest fees and fees through August 31) |
| $ 1,960.90 | Marshal fees. |

Dkt. 27 p. 2; Dkt. 28-1through Dkt. 28-3

Plaintiffs have incurred attorneys fees in the amount of $7,157.50 and costs of $403.12 through August 31, 2013.  Dkt. 28; Dkt. 28-3  It is estimated that additional fees of $1,000.00 will be incurred by Plaintiffs through judgment and sale of the vessel if no opposition is filed.  *Id.*

The Defendants admit to the terms of the Promissory Note and Preferred Ship Mortgage. Dkt. 14 pp. 1-2.  By way of their Answer, Defendants deny that they defaulted on the loan.  *Id.*

1    p. 2. By way of their Response, Defendants assert an affirmative defense of unjust enrichment.

2    Dkt. 30 p. 3. Defendants state that a down payment of $300,000. was made to Plaintiffs at the

3    time of execution of the promissory note and that Defendant purchased Oregon Dungeness Crab

4    permit for $80,000.00, that is tied to the Vessel. *Id.* p. 2. Defendants argue that "[t]o grant

5    summary judgment to the plaintiffs will unjustly enrich the plaintiffs because they will have

6    received a $300,000 down payment, the Vessel, and the $80,000 Oregon Dungeness Crab

7    permit." *Id.* at p. 3. The Plaintiffs argue that not only was the Response untimely, an affirmative

8    defense cannot be raised for the first time in response to a motion for summary judgment. Dkt.

9    32. Plaintiff further asserts that the defense of unjust enrichment is without merit.

10                                    **SUMMARY JUDGMENT STANDARD**

11           Summary judgment is proper only if the pleadings, the discovery and disclosure materials

12    on file, and any affidavits show that there is no genuine issue as to any material fact and that the

13    movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party bears

14    the initial burden of informing the court of the basis for its motion, along with evidence showing

15    the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323

16    (1986). On those issues for which it bears the burden of proof, the moving party must make a

17    showing that is sufficient for the court to hold that no reasonable trier of fact could find other

18    than for the moving party. *Idema v. Dreamworks, Inc*., 162 F.Supp.2d 1129, 1141 (C.D.

19    Cal.2001).

20           To successfully rebut a motion for summary judgment, the non-moving party must point

21    to facts supported by the record which demonstrate a genuine issue of material fact. *Reese v.*

22    *Jefferson Sch. Dist. No. 14J*, 208 F.3d 736 (9th Cir. 2000). A "material fact" is a fact that might

23    affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc*., 477

24

U.S. 242, 248 (1986).   Where reasonable minds could differ on the material facts at issue, summary judgment is not appropriate.  *See v. Durang,* 711 F.2d 141, 143 (9th Cir. 1983).

A dispute regarding a material fact is considered genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby*, 477 U.S. at 248.  The mere existence of a scintilla of evidence in support of the party's position is insufficient to establish a genuine dispute; there must be evidence on which a jury could reasonably find for the party.  *Id*. at 252.

While the nonmoving party's failure to file points and authorities in response to any motion is deemed to constitute consent to the granting of the motion under Local Rule 7(b)(2), the failure to file an opposition, in and of itself, is not sufficient to grant summary judgment.  See *Martinez v. Stanford*, 323 F.3d 1178, 1182 (9th Cir. 2003).  The moving party must still meet its affirmative duty under Rule 56 to demonstrate its entitlement to judgment as a matter of law.  *Id.* Thus, the absence of an opposition does not change Plaintiffs' burden, and the Court will consider Plaintiffs' motion on the merits.

## EVIDENCE OF BREACH AND DAMAGES

The Promissory Note unambiguously requires Win Chang, Inc. to pay the Plaintiffs $250,000 plus interest.  Win Chang, Inc. admits it executed the promissory note, admits it granted a Preferred Ship Mortgage on the vessel Lady Nell to the Plaintiffs, and admits that the Plaintiffs are the owners and holders of the Promissory Note and the Mortgage on the vessel. Because the Note requires annual payments of principal and interest, and because there is evidence no payments have been received, Win Chang, Inc. is in default.   Although Win Chang, Inc. has denied in its Answer that it has defaulted and failed to pay the amount due and owing, this denial is not substantiated by any evidence, and is contradicted by the evidence of default

1  introduced by Plaintiffs.  "Merely denying responsibility is not enough to create a genuine issue

2  of material fact."  *Hill v. Cox*, 110 Wn. App. 394, 404 (2002).  Once the party moving for

3  summary judgment has met its burden of showing that no material fact issues remain, "the

4  burden shifts to the nonmoving party to properly relate specific facts indicating an issue for

5  trial.   The nonmoving party's burden is not met by responding with conclusory allegations

6  and/or argumentative  assertions  ...."  *Id.* at 402-03.  The nonmoving party cannot rely on mere

7  denials unsupported by factual data to create an issue of material fact.  *Biotec Biologische*

8  *Naturverpackungen GmbH & Co. KG v. Biocorp, Inc*., 249 F.3d 1341, 1353 (Fed. Cir. 2001)

9  *Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993). A party opposing a motion for

10  summary judgment must point to an evidentiary conflict created on the record at least by a

11  counter statement of a fact or facts set forth in detail in an affidavit by a knowledgeable affiant.

12  Mere denials or conclusory statements are insufficient.  *Advanced Cardiovascular Systems, Inc.*

13  *v. SciMed Life Systems*, 101 F.Supp.2d 1257, 1259 (N.D. Cal. 1999).

14          Even though improperly raised, Defendants' affirmative defense of unjust enrichment

15  does not present a genuine issue of material fact.  Plaintiffs' motion seeks to foreclose on the

16  mortgage to recover the unpaid debt resulting from default of the promissory note.  The fact that

17  Defendants made a down payment does not defeat the obligations on the note or Plaintiffs' rights

18  to foreclose on the debt.  In the event of the sale of the vessel, Defendants will be entitled to

19  excess proceeds, if any, over the amount of the unpaid debt.

20          Win Chang, Inc. has failed to provide any defenses to substantiate its claim of denial of

21  default or unjust enrichment.  The simple denial of responsibility fails to establish a genuine

22  issue of material fact.  Plaintiffs have set forth evidence of the amount of damages and

23

24

ORDER GRANTING PLAINTIFFS' MOTION FOR
SUMMARY JUDGMENT- 6

1  Defendants have failed to contest this evidence.  Summary judgment in favor of the Plaintiffs is

2  appropriate.

3  **CONCLUSION**

4        Win Chang, Inc. has defaulted on its contractual obligation and thus is liable for damages

5  incurred by the Plaintiffs as a matter of law.  Win Chang, Inc. has failed to demonstrate that any

6  genuine issues of material facts remain.  Plaintiffs' motion for summary judgment should be

7  granted.

8        Therefore, it is hereby **ORDERED**:

9        Plaintiffs' Motion for entry of Order of Summary Judgment (Dkt. 26) is **GRANTED**.

10        It is **ORDERED** Defendants shall pay the following sums:

11
12      1.    $272,927.92 in principal and interest, subject to adjustment, through March 11, 2013;

    2.    Daily interest of $43.56 from March 12, 2013 through August 31, 2013 in the total
13             amount of $7,535.88;

14      3.    Late fees of $13,635.92, subject to adjustment;

15
16      4.    Additional expenses of $14,341.03 of mortgagee to discharge of liens on the
vessel Lady Nell, the payment of vessel insurance, and recovery of the Vessel's

17             appurtenances and equipment;

18      5.    $ 3,360.00 for Subst. Custodian fees;

19      6.    $ 1,960.90 in U.S. Marshal fees;

20      7.    Reasonable attorneys' fees and costs in the amount of $8,560.62.

21        **TOTAL DUE AND OWING THROUGH AUGUST 31, 2013: $ 322,322.27**

22        IT IS **FURTHER ORDERED** that Defendants shall pay *per diem* fees occurred through

23  the date of confirmation of sale of the Vessel as follows:

24      1.    Daily interest of $43.56 *per diem* until the time of judgment and thereafter
until paid;

2.      Port of Grays Harbor Moorage: $16.32 *per diem;*

3.      North Star Insurance: $20.00 *per diem;*

4.      Substitute Custodian:  $20.66 *per diem.*

*PER DIEM* **UNTIL THE CONFIRMATION OF SALE: $100.54**

IT IS **FURTHER ORDERED**:

1.   Defendants shall pay the costs of this action including charges for all fees for keepers and their costs incurred in this action and for all expenses for the sale of the Vessel, her engines, machinery, and appurtenances, etc;

2.  Plaintiffs are adjudged the holder of a first preferred ship mortgage on the Vessel for the payment of sums due, including costs and attorneys' fees, and this Court declares the lien of the said Mortgage to be superior to all other liens which may exist against the Vessel;

3.  That the Mortgage shall be foreclosed and the Vessel be sold by the U.S. Marshal within the District at a location agreed upon by the Plaintiffs and U.S. Marshal and the proceeds of the sale shall be applied and delivered to pay demands and claims of Plaintiffs in the amount and to the extent as specifically set forth herein, together with costs and attorneys' fees, and it is declared that any and all persons, firms or corporations claiming any interest in the Vessel are forever barred and foreclosed of and from all rights of equity or redemption or claim in and to the Vessel;

4.  That at the sale of the Vessel by the U.S. Marshal, Plaintiffs shall be permitted to bid, without cash deposit, its judgment, accrued interest, costs and attorneys' fees, up to the full amount thereof.

ORDER GRANTING PLAINTIFFS' MOTION FOR
SUMMARY JUDGMENT- 8

1    Dated this 23rd day of September, 2013.

2

3

4                          ROBERT J. BRYAN
                            United States District Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER GRANTING PLAINTIFFS' MOTION FOR
SUMMARY JUDGMENT- 9